# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2013

No. 12-40560
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO CALIXTO-CALDERON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-521-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sergio Calixto-Calderon pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. The advisory sentencing range was 77 to 96 months. Calixto-Calderon moved for a downward departure or variance based in part on his efforts at rehabilitation. The government gave notice that it intended to seek an upward departure or variance based on Calixto-Calderon's criminal history. The district court, noting that it would "take into account the good even if the presentence investigation report doesn't," sentenced Calixto-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Calderon to 90 months in prison. Calixto-Calderon appeals, arguing that the district court gave insufficient reasons for the sentence, and that the court did not consider the sentencing factors of 18 U.S.C. § 3553(a).

We review a sentence for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). We determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then consider "substantive reasonableness . . . under an abuse-of-discretion standard." *Id*. We presume that a sentence calculated within the guidelines range, such as Calixto-Calderon's, is reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Calixto-Calderon argues that the district court inadequately explained the sentence; we review this argument for plain error because he did not ask the district court for a better explanation. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Calixto-Calderon must show a clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We then have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. To show that the district court's allegedly inadequate explanation affected his substantial rights, Calixto-Calderon must make at least some showing "that an explanation would have changed his sentence." *Mondragon-Santiago*, 564 F.3d at 365.

The record shows that the district court acknowledged Calixto-Calderon's arguments, overruled each objection, and stated that it would "take into account the good"—referring to Calixto-Calderon's efforts at rehabilitation—"even if the presentence investigation report doesn't." To the extent that the district court's

explanation was inadequate, Calixto-Calderon does not show that it affected his substantial rights because he has not established that additional explanation would have resulted in a lower sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65. To the extent that Calixto-Calderon asserts that the district court did not "address" his arguments about the § 3553(a) factors, his "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (*per curiam*). The judgment of the district court is AFFIRMED.